[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR REINSTATEMENT
This is an application of an attorney seeking reinstatement to the bar. Pursuant to § 2-53 (a) of the Practice Book, the Chief Justice of our Supreme Court has designated the Honorable Joseph A. Licari. Jr., Honorable Douglas C. Mintz and Honorable Thomas V. O'Keefe, Jr. (the panel) to determine whether the application filed by Arthur O. Klein (Klein) of Westport should be granted.
Klein was suspended from the practice of law for two years and six months beginning November 30, 1998. Statewide Grievance Committee v.Klein, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 016592 (November 30, 1998, Karazin, J.). Klein applied for reinstatement on April 16, 2001. The standing committee on recommendations for admissions to the bar for Fairfield County held hearings on the matter on June 15, 2001, June 22, 2001, July 3, 2001, and July 27, 2001. It issued its "Report of Standing Committee on Recommendations for Fairfield County" (the report) dated September 25, 2001 with an addendum dated September 26, 2001.
The standing committee's report recommended that Mr. Klein not be reinstated for the following reasons: "[W]e do not [believe] he has demonstrated a present fitness to practice law as the applicant is either unable or unwilling to follow and abide by court rulings, orders and/or procedures. In support of this finding we rely on the fact that despite the order of the court on November 30, 1998 that suspended the applicant from the practice of law for 2 1/2 years, the applicant admitted that he continued to practice law through March 2, 2000; the date the Supreme Court denied his petition for certification to appeal. . . . We do not believe that the applicant has carried his burden of demonstrating good character. While we believe that all of the witnesses presented on behalf of the applicant were being truthful and honest and genuinely cared about the well being of the applicant, we do not believe their respective testimony presents evidence as to the applicant's present character and CT Page 15941-em fitness to practice law."
The hearing before this panel was held on November 16, 2001, at which, Klein was allowed to comment.
The standard of review for this panel "in cases involving admission or readmission to the bar has been clear since it was announced by this court in 1906 in O'Brien's Petition, [79 Conn. 46, 55-56, 63 A. 777
(1906)] (court merely inquires whether the approval of the bar was withheld after a fair investigation of the facts)." (Internal quotation marks omitted.) Scott v. State Bar Examining Committee, 220 Conn. 812,823, 601 A.2d 1021 (1992). "[T]he issue before [this panel] is whether the committee or the bar, in withholding its approval for admission, acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts." (Internal quotation marks omitted.) Id., 818. "The Superior Court . . . has only limited discretion to accept or reject the [the standing committees's] recommendation on admission. The hearing on the petition is not de novo." Id., 817-18. inquiry when deciding whether to grant admission to the bar is whether
"[T]he appropriate inquiry when deciding whether to grant admission to the bar is whether the applicant has present fitness to practice law." Id., 829. "[M]isconduct, indicative of moral unfitness for the profession, whether it be professional or nonprofessional, justifies dismissal as well as exclusion from the bar." Statewide GrievanceCommittee v. Shluger, 230 Conn. 668, n. 17, 646 A.2d 781 (1994). "Character is not measured in the crucible of a single instance and the assessment for reentry appropriately centers on the question of present fitness." In re Application of Pagano, 207 Conn. 336, 345, 541 A.2d 104
(1988).
This panel's review of the record discloses that an abundance of credible evidence supports the standing committee's conclusion that the petitioner is currently unfit to practice law.
Klein argues that he continued to practice law after being suspended by Judge Karazin's court order only because he believed the order was stayed pending his appeal. The Supreme Court denied his petition for certification on March 2, 2000. Nevertheless, Klein continued to practice law up until his appeal was denied. Even if Klein were correct in believing that Judge Karazin's order was stayed, until the appeal was denied, Klein's suspension could not have started until March 2, 2000. Therefore, his 2 1/2 year suspension would not be over until September 2, 2002 and Klein could not apply for reinstatement until September 2, CT Page 15941-en 2002.
Klein also argues that he has shown both a willingness and ability, to follow and abide by court orders and procedures. In support of this argument he notes that he filed a brief in the Appellate Court on June 25, 2001, in which he listed himself as counsel for the entity, Klein 
Vibber, P.C., "subject to" reinstatement as opposed to "pending" reinstatement. The standing committee mistakenly described in their report that Klein listed himself as counsel for the entity, Klein 
Vibber, P.C., "pending" reinstatement. The standing committee then made an addendum to the report on September 26, 2001 clarifying that Klein in fact listed himself as counsel for the entity, Klein Vibber, P.C., "subject to" reinstatement. The correction by the standing committee shows that the standing committee's error was not significant in its final determination of Klein's fitness to be reinstated. Even if Klein's argument were correct, this panel finds that Klein has failed to carry his burden of clearly and convincingly proving his present fitness to be reinstated. Moreover, the standing committee has identified various other reasonable reasons to support their recommendation that Klein should not be reinstated to the bar.
This panel determines, upon the record, that the reasons advanced by the committee to support its recommendations have merit and substance. Accordingly, the panel approves and accepts the report and the recommendation of the standing committee and therefore, the application for reinstatement is denied.
LICARI, J.
O'KEEFE, J.
MINTZ, J.